UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEJON D. WHITE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 5:15-cv-03521-EJD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR "NEW TRIAL"**<br><br>Re: Dkt. No. 67 |

## I.　INTRODUCTION

Plaintiff Dejon D. White ("Plaintiff"), a correctional officer at Salinas Valley State Prison, alleged in this action that his employer, the State of California through the Department of Corrections and Rehabilitation, and three supervising employees, Brent L. Warren, Lenard M. Pennisi, Jr., and William L. Muniz (collectively, "Defendants"), discriminated and retaliated against him in violation of federal and state law. The court previously entered summary judgment in favor of Defendants on Plaintiff's discrimination and retaliation claims under 42 U.S.C. § 1981, and dismissed his state law claims for lack of subject matter jurisdiction. Dkt. No. 65.

Plaintiff now moves for a "new trial." Dkt. No. 67. Defendants oppose the motion. This matter is suitable for decision without oral argument. Civ. L.R. 7-1(b). Having reviewed Plaintiff's argument in conjunction with the record, the court finds no basis to reconsider the decision on summary judgment. Thus, Plaintiff's motion will be denied for the reasons explained below.

## II.　LEGAL STANDARD

Despite the title applied by Plaintiff, this motion can only arise under Federal Rule of Civil

Procedure 59(e) because no trial occurred in this action. Merrill v. Cty. of Madera, 389 Fed. App'x. 613, 615 (9th Cir. 2010) ("[A] Rule 59(a) motion for new trial is not available on claims or causes of actions for which Plaintiffs never received a trial."); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989) (holding that "reconsideration of summary judgment is appropriately brought under . . . Rule 59(e)"); Huerta v. AT&T Umbrella Ben. Plan No. 1, No. 3:11-cv-01673-JCS, 2012 WL 6569369, at *3 (N.D. Cal. Dec. 17, 2012) ("Because the Court never held a trial, but rather granted summary judgment in favor of Defendant, a request for a "new trial" pursuant to Rule 59(a)(2) is procedurally improper."); United States v. 1982 Sanger 24' Spectra Boat, 738 F.2d 1043, 1046 (9th Cir. 1984) ("[T]he moving party's label for its motion is not controlling . . . . Rather, the court will construe it, however styled, to be the type proper for the relief requested.").

"In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011).

Importantly, a Rule 59(e) motion has certain limitations. Though it permits the district court to alter or amend a judgment, it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008). Moreover, relief under Rule 59(e) is "extraordinary" and "should be used sparingly." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999); Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application).

### III. DISCUSSION

Though not explicitly revealed in his pleadings, this motion rests on contentions the court committed several "manifest errors of law or fact" in the summary judgment ruling. To succeed

Case No.: 5:15-cv-03521-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR "NEW TRIAL"
2

on that theory, a moving party "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Arteaga v. Asset Acceptance, LLC, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010). "'Mere doubts or disagreement about the wisdom of a prior decision' is insufficient to warrant granting a Rule 59(e) motion." Garcia v. Biter, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016) (quoting Campion v. Old Repub. Home Protection Co., Inc., No. 09-CV-00748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011)). Rather, "[a]rguments that a court was in error on the issues it considered should be directed to the court of appeals." Defs. of Wildlife v. Browner, 909 F. Supp. at 1342, 1351 (D. Ariz. 1995).

Using this authority as a guide, Plaintiff has not sustained his burden here.

### A. The Evidence was Construed in the Light Most Favorable to Plaintiff

To begin, Plaintiff claims the court failed to evaluate the evidence in the light most favorable to him, and argues it is unclear which facts the court relied on to conclude that Plaintiff "agreed that he had engaged in the conduct that led to the adverse action." This argument dually misrepresents the summary judgment ruling.

First, Plaintiff strategically overlooks the instances in the order where the court specifically acknowledged its duty to construe the facts in his favor. Indeed, the court carefully laid out the standard governing motions under Federal Rule of Civil Procedure 56, noting that a "genuine issue" exists for trial "if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor." Dkt. No. 65, at 4:26-5:3. In the next paragraph, the court explicitly stated that it must "draw all reasonable inferences in favor of the party against whom summary judgment is sought." Id. at 5:4-5. Moreover, in rejecting Defendants' argument that Plaintiff failed to prove a prima facie case of discrimination and finding for Plaintiff on that issue, the court prefaced its conclusion by stating it was "[v]iewing the evidence in the light most favorable to Plaintiff." Id. at 10:15. In the face of these statements, the argument the court did not examine the record in the manner required by governing authority is simply unsupported speculation. Plaintiff may disagree with the conclusion reached after the evidence was viewed in his favor, but disagreement does not

Case No.: 5:15-cv-03521-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR "NEW TRIAL"
3

1  prevail under Rule 59(e). See Garcia, 195 F. Supp. 3d at 1133.

2  Second, at no point did the court state that Plaintiff "agreed that he engaged in the conduct that led to the adverse action." To the contrary, the court observed it was undisputed in the record that Warren instructed Plaintiff to complete a 7219 form before leaving the prison due to illness, that Plaintiff objected to filling out the form, that Plaintiff left after speaking with Rodrigues, and that Plaintiff was eventually disciplined by for refusing a direct order. Dkt. No. 65, at 11:14-18. That Plaintiff disagrees he should have been required to fill out the 7219 form at all is of no moment; as the court pointed out, the factual dispute over whether or not a 7219 form was required under the circumstances does not overcome the undisputed evidence that Plaintiff failed to comply with a supervisor's order, and that he was disciplined for not doing so. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir. 2002) (holding that courts "only require that an employer honestly believed its reason for its actions, even if its reason is 'foolish or trivial or even baseless'").

In sum, Plaintiff's first argument is unconvincing.

### B. The Court Engaged the McDonnell Douglas Burden-Shifting Paradigm

For his second argument, Plaintiff implies the court failed to examine the evidence using the McDonnell Douglas burden-shifting framework. Specifically, Plaintiff argues that although the court alluded to the prima facie case required at the first step of McDonnell-Douglas, "it failed to apply the facts in a light most favorable to [Plaintiff] or go through the steps enunciated by the High Court for proving discrimination inferentially."

Plaintiff's statement is perplexing. The summary judgment order shows the court was abundantly aware of the manner in which discrimination can be shown inferentially through McDonnell Douglas. The court recognized the three-step process by which a plaintiff first must establish a prima facie case, an employer must then provide legitimate, non-discriminatory reasons for its action, and the plaintiff must finally show the employer's reason is pretext. Dkt. No. 65, at 6:3-16. In fact, no less than six pages were devoted to discussing the evidence within each level of the burden-shifting framework, and each element of Plaintiff's prima facie case was

Case No.: 5:15-cv-03521-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR "NEW TRIAL"
4

acknowledged. There is simply no support for Plaintiff's argument to the contrary.

Instead, Plaintiff uses this argument to again put forth his own interpretation of the facts and the language of the summary judgment order, and claims the court failed to construe the record in his favor. As indicated, Plaintiff has not convincingly argued the court failed to properly construe the facts, and mere disagreement with the court's analysis is unavailing in this context. In any event, Plaintiff's argument is based on an inaccuracy. He states that "Defendants' justification for imposing such a severe adverse action against [Plaintiff] for requesting permission to go home sick is unclear," and that the court "in its analysis, never precisely articulated [Defendants'] justification for its adverse action." Not so. Again, Plaintiff overlooks the undisputed facts described in the order, and particularly that Plaintiff was disciplined for disobeying a direct command from a supervisor. In addition, Plaintiff neglects to acknowledge the court's explicit conclusion that Defendants satisfied their burden to put forth a legitimate, non-discriminatory reason for the adverse action based on that undisputed fact. Id. at 12:8-11 ("Based on this evidence, the trier of fact could find the adverse employment action arose from Plaintiff's conduct during the July 9th incident, as described by Warren, Ramirez and Pennisi and evaluated by Muniz, rather than from unlawful discrimination.").

In short, this argument is equally ineffective to obtain relief under Rule 59(e).

### C. Plaintiff's Argument on Pretext has no Bearing on the Outcome

Plaintiff argues the court "seems to have granted summary judgment based on defendants' belief that White agreed that he had been insubordinate and that there was no causation for his claims." The court has already addressed why this statement is a misinterpretation of the summary judgment order. As explained, the court determined based on undisputed facts that Plaintiff was disciplined for failing to comply with the order of a supervisor.

Furthermore, it should be noted that Plaintiff parses facts that were not material to the summary judgment result. Plaintiff's own declaration demonstrated there was no dispute that he was ordered to complete a medical report of injury before leaving work due to illness but left the prison before filling out the form. Decl. of Dejon White, Dkt. No. 54, at ¶ 15 ("I reminded Sgt.

Case No.: 5:15-cv-03521-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR "NEW TRIAL"
5

Warren that I was sick and needed to go home. He became angry and abusive towards me and directed me to go to the Correctional Treatment Center (CTC) . . . to complete a Medical Report of Injury."). It does not matter whether Plaintiff or the medical staff physically fills out the form, or whether the form is referred to as a 7219 form or a "medical report of injury." The important undisputed fact, as the court indicated in the order, is that Plaintiff was directly ordered to do something but failed to comply.

Similarly, the court explained why Morrison's complaints of workplace discrimination,[1] even those that involved Plaintiff, were not sufficiently probative of pretext. The order states that even when such evidence is credited as true, it is "not inconsistent with the [Defendants'] legitimate, non-discriminatory explanation for the adverse action imposed on Plaintiff . . . . None of this evidence is specific or substantial enough to undercut the credibility of the [Defendants'] reasoning, particularly when there is no material dispute that Plaintiff engaged in the basic conduct for which the documentary evidence shows he was disciplined." Dkt. No. 65, at 14:24-15:5. Plaintiff may disagree with that conclusion, but reconsideration is not required due to a party's disagreement.

### D. Plaintiff's Re-argues Matters Already Considered

The remaining sections of Plaintiff's motion reproduce arguments and evidence the court

---

[1] Citing a declaration submitted for summary judgment, Plaintiff argues in this motion that "Morrison filed a memorandum with the Warden regarding workplace discrimination, naming [Plaintiff] as his source of information." The declaration, however, does not support Plaintiff's argument because the declaration relied on does not reflect the fact that Morrison complained of discrimination in his memorandum, or that he named Plaintiff as a source in that document. The referenced statement is as follows:

> Officer Morrison filed a memorandum with the Warden of the Salinas Valley State Prison stating that he believed what Sgt. Warren said to be *defamation of his character*. Officer Morrison *told the defendants* that he felt the constant scrutiny of him and other African Americans was based on race that I was the source of his information.

Decl. of Dejon White, Dkt. No. 49, at ¶ 21 (emphasis added).

Case No.: 5:15-cv-03521-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR "NEW TRIAL"

6

has already considered. For example, Plaintiff argues material issues of fact precluded summary judgment on his § 1981 discrimination and retaliation claims. But the court found otherwise on the same evidence he now references.[2] It is established that Rule 59(e)'s purpose "is *not* to give an unhappy litigant one additional chance to sway the judge." Garcia, 195 F. Supp. 3d at 1133 (internal quotation omitted; emphasis preserved); accord Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (affirming denial of Rule 59(e) motion which "presented no arguments that had not already been raised in opposition to summary judgment"); Defenders of Wildlife, 909 F. Supp. at 1351 ("A motion for reconsideration should not be used to ask a court 'to rethink what the court had already thought through - rightly or wrongly.'").

Plaintiff also appears to argue the court erred by not considering whether he sufficiently produced direct evidence of discriminatory animus rather than analyzing his discrimination claim through the McDonnell Douglas burden-shifting framework. This argument fails as a matter of logic because Plaintiff cannot have proven direct discrimination if his inferential evidence, viewed through McDonnell Douglas, was inadequate. In addition, the court noted at the outset of the analysis that Plaintiff invoked "the McDonnell Douglas burden-shifting framework rather than producing direct or circumstantial evidence of discrimination" in his pleadings, and arranged its analysis accordingly. Dkt. No. 65, at 9:16-17. This new way to frame the evidence cannot be considered under Rule 59(e). See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (holding that a Rule 59(e) motion "may not be used to raise arguments or present

---

[2] Plaintiff includes an extensive discussion of retaliation claims under Title VII of the Civil Rights Act of 1964 and seems to suggest an analytical error in the manner his § 1981 claim was addressed. He argues that the "analysis for a retaliation claim under Title VII is somewhat different from that in a discrimination claim; however there are no Section 1981 cases that have held that Section 1981 retaliation claims are to be examined in the same manner."

However, to the extent this statement can be interpreted to communicate the opinion that his § 1981 claim should not have been subjected to the McDonnell Douglas framework, it is misplaced. The court found Plaintiff failed to satisfy his burden to prove the elements of a § 1981 retaliation claim with admissible evidence by applying the summary judgment standard, regardless of McDonnell Douglas. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (holding that a "genuine issue" for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor).

Case No.: 5:15-cv-03521-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR "NEW TRIAL"
7

evidence for the first time when they could reasonably have been raised earlier in the litigation").

In conclusion, Plaintiff has not surmounted the "high hurdle" of demonstrating manifest errors of law or facts in the summary judgment decision. Weeks, 246 F.3d at 1236. His motion under Rule 59(e) will therefore be denied.

## IV. ORDER

Based on the foregoing, the motion for "new trial" (Dkt. No. 67) is DENIED. The hearing scheduled for October 19, 2017, is VACATED.

**IT IS SO ORDERED.**

Dated: October 17, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-03521-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR "NEW TRIAL"
8